## Kelley *versus* Kelley.

A will which contains no intelligible devise or bequest is void for uncertainty: parol evidence is not admissible to explain what the testator meant by such an instrument.

ERROR to the Common Pleas of *Mercer county.*

This was an action of ejectment brought by Leah Kelly against Samuel Kelly, for a tract of land in Wolf Creek township, Mercer county, containing 150 acres. It was admitted that the title to the land in controversy had been in David Kelly—that the plaintiff, Leah Kelly, was his mother and sole surviving parent, and that David Kelly died without issue, but leaving his mother, Leah Kelly, and brothers and sisters, of whom the defendant, Samuel Kelly, was one. Defendant, to support the issue on his part, gave in evidence the record of the will of David Kelly as follows, to wit:—

"The Last Will and testament of David Kelly of Wolf Creek township Mercer county in the name of God I David Kelly considering the uncertainty of this mortal life and Being of sound mind and memory blessed be almighty God for the same do make and publish this my last will and testament in manner and form following that is to say first I give and bequeath unto my) all my just debts and demands all my funeral and burying cost first Balance to Samuel Kelly Brother my Mother and John Montgomery to have their maintainance and burying charges out of it."

Witness
Samuel anderson                        DAVID KELLY. [L. S.]
adam Hoffman

Defendant offered to prove by the scrivener who drew the will, that the testator directed him to draw his will, and directed him to give the whole of his property to his brother, Samuel, after his mother and John Montgomery should have their maintenance out of it during their life. That he expressed his desire that his pro-

[Kelley *v.* Kelley.]

perty (except a support for his mother and Montgomery) should go to his brother Samuel, and so directed him to write his will. That the witness told David Kelly that the will written by him so divided his estate, and that David Kelly, after reading it, said he believed it so expressed his desire and signed the will. That witness never drew a will before, and only consented to do it in this instance at the urgent request of the testator, and because no other person could be got to do it. Witness was confused at the time, and may not have expressed the direction of testator as clearly as under less embarrassing circumstances he might have done. Defendant also offers to prove that the testator in his lifetime often declared his intention to divide all his property to the defendant, thus to aid in showing clearly that the word "balance" in the will refers to testator's estate, also to prove that Samuel Kelly was testator's brother, and the plaintiff, his mother, and John Montgomery, a nephew, in ill health and since dead; which offer was objected to on the part of plaintiff.

By the Court: "It would be admissible to show that there were such persons as were recorded by the testator in the will, their connexion with him, and the property he had to dispose of, in order to make clear an expressed intention. But we think the offer in this case is, in effect, to introduce an important word, such as land, property, or estate, into the will, and that extrinsic evidence of the testator is not admissible for that purpose. Therefore, the offer of defendant is overruled, and, at the request of the defendant's counsel, this bill of exception is noted."

Charge of the Court (McCalmont, P. J.):—

"In this case we are of opinion that the words used in the will are not sufficient to show an intention as to the particular kind of property intended to be devised, whether personal or real, or the quantity of the estate. We have refused to admit extrinsic evidence of the intention of the testator in order to fill the blank, and therefore we instruct you that as to the land in controversy, the will is void because of its uncertainty, and that under the admitted evidence the plaintiff is entitled to the property, and your verdict should be in her favour.

"Under these instructions the points of the plaintiff may be considered as answered severally in the affirmative. To which charge, as then and there delivered, the counsel of the defendant did then and there except, and at their request this bill of exception was noted."

Errors assigned: 1. The Court erred in refusing to admit the evidence offered by the defendant.

2. The Court erred in their charge to the jury.

*Stewart* and *Maxwell*, for plaintiff in error.—1. The evidence

[Kelley *v.* Kelley.]

offered to explain the ambiguity caused by the wording of the will should have been received. The ambiguity is caused by the words "balance" and "it,"—it is an ambiguity that can only be explained by testimony, and the defendant's offer shows what the character and intention of the testator were. To remove a latent ambiguity the testator's acts and declarations in respect to the thing given are certainly admitted: Brownfield *v.* Brownfield, 2 *Jones* 136; Verner *v.* Henry, 6 *Watts* 139; Smith *v.* Bell, 6 *Peters* 68. The offer is to show what was bequeathed. The words "balance" and "it" mean something, and that something can be explained by evidence which defendant offered ·to prove—and the will further gives to his mother and John Montgomery their maintenance out of *it*—out of what? This can be explained by evidence, and can only be by the declarations and act of the testator. The scrivener was illiterate, not accustomed to drawing wills, hence it is done in a bungling manner.

2. To the charge of the Court.

The testator meant something, and the will must be sustained, if a reasonable interpretation can be made of it. The bequest gives all the balance of something to his brother Samuel, and his mother and Montgomery to have their maintenance of it. Out of what were they to have their maintenance? certainly out of the estate, both real and personal. The intention of the testator that his mother and Montgomery shall have their maintenance out of his property, and his brother Samuel is to have the balance of it, is perfectly clear; and the devise must not be declared void where a reasonable interpretation can be put on it: Smith *v.* Bell, 6 *Peters* 68; 2 *Dallas* 264; 3 *Binn.* 149; 1 *Yeates* 508.

*Stephenson,* for defendant in error.—The evidence offered was properly rejected. The ambiguity in the will is not latent, but apparent on the face of the will. Parol evidence is not admissible to give a construction to the words of the will. *Pow. on Dev.* 477-8; 2 *Vern.* 98; Vern. Case, 4 *Rep.* 4, rules that no averment ought to be taken out of a will which could not be collected from the words contained in the will itself: 1 *Salk.* 232; 2 *P. Wms.* 318; 7 *Harris. Dig.* 638; 1 *Yeates* 432. The will is the only legal evidence of the devise: 5 *Barr* 35; 3 *Ser. & R.* 609; 11 *Johns.* 215; 2 *Jones* 136; 1 *Ves. Jr.* 415. A devise disinheriting the heir is more strictly observed here than in England: 5 *Binn.* 20; 7 *W. & Ser.* 284.

The opinion of the Court was delivered by

WOODWARD, J.—The will under which the plaintiff claims contains all the unimportant phrases of the form book, without a single intelligible devise or bequest. Such a will is insensible and void. It is incapable of being interpreted or executed. The

[Kelley *v.* Kelley.]

parol evidence that was offered, and properly rejected, might have made a will for the testator, but could have given no vitality to this senseless and shapeless instrument.

　　　　　　　　　　　　　　The judgment is affirmed.