## Carlin's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger and Ladner, JJ.

704

706

*Joseph Kaplan, Samuel Kravitz,* and *B. D. Oliensis,* for exceptants.

*Joseph P. Gaffney, Jr.,* and *Walter B. Gibbons,* contra.

KLEIN, J., December 22, 1939.—The will before us for study is one of those home-made, holographic masterpieces, which always present difficult problems of construction. Learned counsel for exceptants, decedent's next of kin, strongly urge that the will is meaningless and a nullity. In support of this contention they rely upon Kelley v. Kelley, 25 Pa. 460 (1854), which, they maintain, controls the present case. We cannot, however, agree with their conclusions.

The old adage that no will has a brother still holds true. Every will is in a sense unique, and for this reason precedents are of little value. The slightest variations in language and attending circumstances may lead a court to wholly different results. See Brennan's Estate, 324 Pa. 410 (1936), and the other cases cited in the recently published Pennsylvania Orphans' Court Commonplace Book by David G. Hunter, vol. II, p. 1420.

Although it must be admitted that the meaning of the will is not free from doubt, we agree with the finding of the auditing judge that the words "after her death the rest to charity" constitute a residuary clause. The relative size of the estate and the annuity to decedent's mother is persuasive in arriving at this conclusion, which, once having been reached, eliminates the next of kin from the picture: Wilkey's Estate, 30 D. & C. 561 (1937).

Exceptants contend that this provision is not a residuary clause but a clause of remaindership. We do not agree with this. Testatrix did not set aside a fund in which she directed income to be paid to her mother but created an annuity, which was a charge on the whole estate. This annuity was payable out of corpus if the income was insufficient. The charge of the annuity was terminated since the mother predeceased testatrix, and the rest, meaning the residue of the estate, went to charity.

In our opinion the fact that the gift is to charity, generally, and that no trustee was appointed, has no effect on the validity of the gift. We think this phase of the

present case is ruled by Jordan's Estate, 329 Pa. 427 (1938), in which testatrix left a certain part of her estate "to charity" without further designation or explanation. She named an executrix in her will, but failed to confer any authority on her with respect to this gift, and also failed to appoint a trustee to select the charities to receive the fund. The orphans' court, upon the petition of a charitable organization, with the consent of the Attorney General of the State, appointed a trustee, who, in compliance with the court's order, appointed three charitable beneficiaries and apportioned the fund among them. On appeal to the Supreme Court, the claim of the next of kin was dismissed and the action of the lower court confirmed. A complete review of all the decisions pertinent to this question will be found in the scholarly opinion of President Judge Gearhart of the Lehigh County Orphans' Court in Jordan's Estate, in 17 Leh. L. J. 349, and need not be repeated here.

There can be no doubt that the mere listing of the six charities in the will by testatrix does not of itself have any dispositive effect and they cannot claim as beneficiaries by reason thereof. If St. Joseph's Hospital had contested their right to participate in the distribution, a serious problem would have been created. But the hospital has agreed to the awards as made in the adjudication. This leaves but one person who has any right or standing to object to the action of the auditing judge, the Attorney General of the Commonwealth of Pennsylvania. At the rehearing of this case, the Attorney General's office was notified of the pending proceedings and his deputy stated for the record that the Attorney General had no objection to the award of the fund to the charities as designated by the auditing judge.

Since the next of kin are without standing to object to the manner in which the gift to the unnamed charities is distributed, and the consents of St. Joseph's Hospital and the Attorney General have been obtained to the plan

of distribution, the exceptions taken by the next of kin must be dismissed and the adjudication confirmed absolutely.