471 A.2d 826

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Roger L. WINTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Dec. 30, 1983.

Courtney J. Graham, Chambersburg, for appellant.

John F. Nelson, III, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

This is an appeal from an order which denied a motion to quash, on double jeopardy grounds, those informations which charged Roger Winter with burglary and related offenses arising out of thefts from two churches in Franklin County. Appellant contends that because a jury in Somerset County rejected the testimony of an alleged accomplice and acquitted a co-defendant, Ferron Cromwell, on a separate burglary charge, principles of collateral estoppel preclude a trial against appellant in Franklin County where the Commonwealth's case also depends, at least in part, on the testimony of the same alleged accomplice. There is no merit in this contention; and, therefore, we affirm the order of the trial court.

■ Appellant correctly observes that principles of collateral estoppel are a part of the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). See also: *Commonwealth v. Hude,* 492 Pa. 600, 611–612, 425 A.2d 313, 319 (1980). Collateral estoppel is issue preclusion. " 'It

means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *In the Interest of R.R.*, 317 Pa.Super. 334, 345, 464 A.2d 348, 354 (1983), quoting *Commonwealth v. Peluso*, 481 Pa. 641, 645, 393 A.2d 344, 346–347 (1978) and *Ashe v. Swenson, supra* 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. In civil cases, collateral estoppel may be asserted even where there has been no identity of the parties in the two actions. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 236–237, 464 A.2d 1313, 1319 (1983). In such cases, collateral estoppel may be " 'used as either "a sword or a shield" by a stranger to the [prior] action, as long as the party against whom the defense is invoked is the same.' " *Id.*, 318 Pa.Superior Ct. at 236–237, 464 A.2d at 1319, quoting *Thompson v. Karastan Rug Mills*, 228 Pa.Super. 260, 265, 323 A.2d 341, 344 (1974).

However, this Court, in *Commonwealth v. Lewis*, 306 Pa.Super. 81, 452 A.2d 13 (1982) held that the doctrine of nonmutual, collateral estoppel is not applicable to criminal cases. The interest of the Commonwealth in enforcing its criminal laws, the Court held, outweighs its interest in judicial economy; and, therefore, collateral estoppel as a defense to a criminal charge is available only where prior, criminal litigation involved the same parties. See also: *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980).

The decision in *Lewis* is controlling of the instant case. Appellant was not a party to and did not participate in the trial in Somerset County. The fact that the jury in Somerset County did not accept the testimony of the alleged accomplice in those proceedings does not prevent the Commonwealth from attempting to prove that appellant committed separate burglaries in Franklin County. This is so even though the Commonwealth must rely, at least in part, upon the testimony of the same alleged accomplice whose testimony was rejected by the jury in Somerset County.

Order affirmed.