485 A.2d 9

**COMMONWEALTH of Pennsylvania**

v.

**Samuel RENDE, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1984.

Filed Oct. 26, 1984.

Reargument Denied Jan. 7, 1985.

510

Edward A. McQuoid, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

Appellant takes this appeal from the orders of June 17, 1983 denying his pre-trial Motion to Dismiss Indictment [sic] and pretrial Motion to Bar Imposition of the Death Penalty. We now affirm the order denying the Motion to Dismiss and quash the appeal from the denial of the Motion to Bar Imposition of the Death Penalty.

Appellant was charged on June 10, 1981 with criminal homicide in the death of Norman McGregor. The Commonwealth contends that Thomas Skelton had offered a "contract" to kill McGregor and that appellant and at least six others were accomplices involved in carrying out the alleged "contract" killing. All co-participants were charged separately. Skelton was acquitted of the charge.

Appellant subsequently filed the pre-trial Motions to Dismiss and Bar Imposition of the Death Penalty. The Motion to Dismiss raised issues of (1) due process, (2) collateral estoppel and (3) the acquittal of the principal, as the basis for dismissal. The Motion regarding the Death Penalty raised solely statutory issues.

Three issues are raised on this appeal: (1) whether the Motion to Dismiss was improperly denied, as the Commonwealth is collaterally estopped from prosecuting appellant on the charge, (2) whether the trial court improperly denied the Motion to Bar Imposition of the Death Penalty, and (3) whether these orders are appealable.

▮▮▮ The Commonwealth argues, *inter alia*, that the orders appealed should be quashed as interlocutory. Ordinarily, all pre-trial orders are considered interlocutory and not appealable. *Commonwealth v. Bennett*, 236 Pa.Super. 509, 345 A.2d 754 (1975). However, an order denying a pre-trial motion to dismiss on the grounds of double jeopardy/collateral estoppel is a final, appealable order. *Commonwealth v. Winter*, 324 Pa.Super. 258, 471 A.2d 827 (1984). The Commonwealth argues that appellant's estoppel argument does not encompass a "true" double jeopardy claim. However, because there exist situations where collateral estoppel *may* be properly raised in an appeal from the denial of a pre-trial motion to dismiss indictment, we believe it prudent to address the merits of appellant's collateral estoppel argument.

The facts in the instant case are almost identical to those found in *Commonwealth v. Winter*, 324 Pa.Super. 255, 471 A.2d 826 (1983). The defendant in *Winter* appealed from an order denying his motion to quash the information on collateral estoppel grounds. He argued that because a co-defendant was acquitted in a separate trial based on the jury's rejection of the testimony of an accomplice and because the Commonwealth's case in defendant's prosecution depends on the testimony of that same accomplice, collateral estoppel bars defendant's prosecution.

The court in *Winter* stated:

Appellant correctly observes that principles of collateral estoppel are a part of the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). See also: *Commonwealth v. Hude*, 492 Pa. 600, 611–612, 425 A.2d 313, 319 (1980). Collateral estoppel is issue preclusion. " 'It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *In the Interest of R.R.*, 317 Pa.Super. 334, 345, 464 A.2d 348, 354 (1983), quoting *Commonwealth v. Peluso*, 481 Pa. 641, 645, 393 A.2d 344,

346–347 (1978) and *Ashe v. Swenson, supra,* 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475.

However, this Court, in *Commonwealth v. Lewis,* 306 Pa.Super. 81, 452 A.2d 13 (1982) held that the doctrine of nonmutual, collateral estoppel is not applicable to criminal cases. The interest of the Commonwealth in enforcing its criminal laws, the Court held, outweighs its interest in judicial economy; and, therefore, collateral estoppel as a defense to a criminal charge is available only where prior, criminal litigation involved the same parties. See also: *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980).

324 Pa.Super. at 257, 471 A.2d at 826–27. The court then affirmed the order denying the defendant's motion to quash because the defendant had not been a party and did not participate in the co-defendant's trial.

■ The same rule must apply in the instant case, for appellant raises the collateral estoppel principle where he had not been involved in Skelton's trial which resulted in acquittal. In sum, the collateral estoppel principle, as embodied in the Fifth Amendment prohibition regarding double jeopardy, requires both mutuality of parties and that the previous acquittal has put the defendant in jeopardy. As appellant was not in jeopardy regarding Skelton's prior acquittal, he cannot raise collateral estoppel where said estoppel is nonmutual. Therefore, the trial court did not err in denying appellant's Motion to Dismiss Indictment. Also we find no merit in appellant's argument that the instant case is so unusual as to require application of nonmutual collateral estoppel on the basis of fundamental fairness and justice.

■ The remaining issues raised by appellant's Motion to Dismiss and Motion to Bar Imposition of the Death Penalty are not properly before this court, as they are interlocutory. *See Commonwealth v. Tabb,* 491 Pa. 372, 375 n. 2, 421 A.2d 183, 185 n. 2 (1980), *U.S. cert. den.,* 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 202 (1981) (appeal from denial of pre-trial motion based on double jeopardy does not permit "piggy-

**514**

backing" of non-double jeopardy issues). We therefore need not address the remaining issues in appellant's Motion to Dismiss and must quash the appeal from the order denying appellant's Motion to Bar Imposition of the Death Penalty.

The order denying appellant's Motion to Dismiss is affirmed. The appeal from the order denying appellant's Motion to Bar Imposition of the Death Penalty is quashed.