## Frazier v. Fabrick

*John James Mooney III*, for plaintiff.
*William J. Fabrick*, pro se.

SPICER, *P.J.*, March 27, 1987 — This is an action in mortgage foreclosure. All parties are individuals. Mortgagee seeks to foreclose because of an alleged breach of a condition that no waste be committed on the property.

The parties appeared for pretrial conference before the Honorable John D. Kuhn. Judge Kuhn determined that trial would be expedited by the resolution of two issues. It is the purpose of this opinion to provide such resolution.

(1) *Effect of a Prior Equity Action.* Mortgagee previously brought an equity action to enjoin mortgagors' activities on the land. This equity action is not a part of the record of the case sub judice. Nonetheless, the undersigned is familiar enough with that action to discuss it in the context of res judicata and/or collateral estoppel principles. The undersigned points out, however, that the discussion proceeds on the assumption that the record of the equity action will be made a part of this record at trial.

Activities sought to be enjoined consisted of tire shredding and storage. These activities violated applicable Department of Environmental Resources regulations and were found to have diminished the

value of the mortgaged land from $60,000 to $38,000. Since the principal amount due on the mortgage was $45,000, relief was granted. A contempt adjudication was entered and sentence was imposed. Mortgagors took, but did not pursue an appeal.

If an issue has been litigated to the point where an appeal can be taken, the parties to that litigation are precluded from relitigating the issue. Issue preclusion can be explained by either res judicata or collateral estoppel. The difference is said to be in the scope or extent of the preclusion. Res judicata applies to all issues that have been or could have been litigated. Collateral estoppel applies only to issues actually litigated. 10 Standard Pennsylvania Practice 2d, §65.56.

Res judicata requires the convergence of four identities: (1) the thing for which sued, (2) persons or parties to the action, (3) the cause of action, and (4) the quality of person and persons against whom the claim is made. *McDannell, et ux. v. Wilson*, 24 Adams County L.J. 119 (1982).

Collateral estoppel, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Commonwealth v. Rende,* 335 Pa. Super. 509, 485 A.2d 9, 11 (1985).

Collateral estoppel, at least, would clearly apply in this case.

(2) *Parol Evidence Rule.* The note provided, in part, "with interest on the unpaid principal balance from the date of this note, until paid, at the rate of _____( %) percent per annum."

Thus, there is a patent ambiguity in the instrument and the question becomes whether parol evidence is admissible to establish the rate of such in-

terest or to show the parties intended no interest to be charged.

There was a time when Pennsylvania seemingly espoused the view that extrinsic evidence was inadmissible to explain patent ambiguities. Thus, it is said, "Patent ambiguities such as blank spaces or language that is senseless or meaningless cannot be resolved by extrinsic evidence. *Kelley v. Kelley*, 25 Pa. 460 (1854)." Jenkins, Pennsylvania Trial Evidence, Handbook, §11.7. However, later decisions appear to clarify this rule to mean that patent ambiguities are determined on the face of the writing and not by extrinsic evidence. *Metzger v. Clifford Realty Corp.*, 327 Pa. Super. 377, 476 A.2d 1 (1985), footnote 2. There seems to be no difference between patent and latent ambiguities insofar as the parol evidence rule is concerned. *Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659 (1982); *Z & L Lumber Co. of Atlasburg v. Nordquist*, 348 Pa. Super. 580, 502 A.2d 697 (1985).

Thus, extrinsic evidence will be admissible to set the rate of interest from 0 to 6 percent. See 41 P.S. §201.

## ORDER

And now, this March 27, 1987, conditioned on the records of the former equity proceedings being made a part of the records of this case, the court rules that mortgagors are precluded from litigating the issue of committing waste. The court further rules that extrinsic evidence will be admissible to establish the interest rate of the mortgage note from 0 to 6 percent per annum.