542 A.2d 127

**Joseph ALBERICI and, Theresa Alberici, Appellants,**

**v.**

**Nino V. TINARI, Esquire and Timothy Gorbey, Esquire, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1988.

Filed May 6, 1988.

Leonard Sarner, Philadelphia, for appellants.

Jeffrey B. Albert, Philadelphia, for Tinari, appellee.

Gordon Gelfond, Philadelphia, for Gorbey, appellee.

Before CAVANAUGH, ROWLEY and POPOVICH, JJ.

CAVANAUGH, Judge:

The primary issue in this case is whether a civil malpractice action against attorneys is barred where the federal court, in which the underlying criminal case was tried, has previously determined that counsel was not ineffective. The court below granted summary judgment in favor of the

22

defendants below, Nino V. Tinari, Esquire and Timothy Gorbey, Esquire, the appellees herein, and we affirm.

With respect to a motion for summary judgment, Pa.R. C.P. 1035(b) provides that such judgment may be entered if pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See *Helinek v. Helinek,* 337 Pa.Super. 497, 487 A.2d 369 (1985); *Loyal Christian Benefit Association v. Bender,* 342 Pa.Super. 614, 493 A.2d 760 (1985). A summary judgment should only be entered in those cases which are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 456 A.2d 1009 (1983). The court must accept as true all well-pleaded facts in the non moving party's pleadings, and give the non moving party the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983); *Metal Bank of America v. Insurance Company of North America,* 360 Pa.Super. 350, 520 A.2d 493 (1987). However, a *prima facie* showing by the parties seeking summary judgment, i.e., the production of enough evidence to demonstrate such parties entitlement to a judgment if the evidence were uncontroverted at trial, shifts the burden of producing evidence to the party opposing the motion. In such circumstances summary judgment should be granted to the moving party unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue of material fact. *Community Medical Services, Inc. v. Local 2665,* 292 Pa.Super. 238, 437 A.2d 23 (1981).

When we are called upon to review an order granting summary judgment, our function is to determine whether there exists a genuine issue of material fact. *Bobb v. Kraybill,* 354 Pa.Super. 361, 511 A.2d 1379 (1986). We agree with the court below that the record demonstrates that there is no genuine issue of material fact, and that appellees are entitled to summary judgment as a matter of law.

The criminal proceedings in the federal judicial system were extensive and complex and a recitation of what occurred there is necessary to an understanding of the case. The appellant, Joseph Alberici, was indicted in federal court in August, 1982, on six counts of mail fraud in connection with an alleged scheme to collect fire insurance proceeds as a result of an arson occurring on August 6, 1977. The arson centered around the Jerry Lewis Theater in Ashton, Pennsylvania which Alberici, by agreement of sale dated May 9, 1977, had agreed to purchase.

On November 16, 1982, prior to trial, a hearing was held before Federal District Court Judge Louis H. Pollak at which it was disclosed to Mr. Alberici that his trial counsel, Nino Tinari, Esquire, received a grant of immunity to testify as a witness before the Grand Jury in an unrelated criminal investigation. Alberici continued to have Mr. Tinari represent him in the criminal proceedings. Timothy Gorbey, Esq., entered his appearance as co-counsel for Mr. Alberici in November, 1982.

Trial was held in January, 1983 before Pollak, J. and a jury and the defendant was convicted of all six counts of the indictment. Shortly thereafter, Messrs. Tinari and Gorbey filed on his behalf timely motions for a new trial and judgment of acquittal under Rule 33 of the Federal Rules of Criminal Procedure. Motions were denied by the court in February, 1983. Thereafter, Mr. Alberici discharged Messrs. Tinari and Gorbey as his counsel and retained new counsel, Richard Sprague, Esq., who filed "Supplemental Motion for Judgment of Acquittal or, in the Alternative, for New Trial." This motion raised the issue of ineffectiveness of counsel on three specific grounds: (1) failure to investigate properly; (2) failure to obtain the attendance of or to call certain witnesses at trial; and (3) failure to represent the defendant at trial in a competent fashion.[1] On July 25,

1. In February, 1983 Mr. Sprague also filed motions for reconsideration of defendant's motion for new trial alleging ineffective assistance of trial counsel by virtue of counsel's failure to (1) investigate possible exculpatory testimony (2) object to inadequacies in the court's jury

1983 the District Court granted the motion for new trial on grounds separate from the issue of the ineffective assistance of counsel. Although the court referred to the issue, it specifically indicated that it was not determining the issue of ineffectiveness of counsel. As a result of the grant of the motion, Alberici's convictions on all six counts of the indictment were vacated. Subsequently, however, the District Court reinstated the conviction with respect to Count 5 and he was sentenced to imprisonment for 20 months.

Mr. Alberici appealed to the United States Court of Appeals, Third Circuit, from the judgment of sentence. He was represented by new counsel, Jeffrey Miller, Esq., who replaced Richard Sprague, Esq. Mr. Alberici now claimed ineffective assistance of trial counsel as a result of (1) failure to request an accomplice instruction and (2) failure to investigate the defense that another individual had a motive to burn down the theater. The Court of Appeals affirmed the judgment of sentence and ruled that counsel was not ineffective. Mr. Alberici, who was still represented by Mr. Miller, filed a petition for a writ of certiorari with the Supreme Court of the United States alleging, *inter alia*, ineffective assistance of counsel. The petition was denied in December, 1984.

Soon thereafter, Mr. Alberici retained new counsel, Richard M. Meltzer, Esq., who filed a motion for new trial in January, 1985 which was denied in August, 1985. In February, 1986, Mr. Alberici, through counsel, filed a motion to vacate, set aside or correct sentence under 20 U.S.C. § 2555 alleging again ineffective assistance of counsel. The motion was denied by order of Pollak, J. on December 2, 1986, who stated in his slip opinion: "As described above, defendant set forth an ineffective assistance claim in his second motion for new trial. We conclude that this claim was fully adjudicated on the merits in that motion and on direct appeal ..." [2]

charge and (3) prepare the defense adequately as evidence by cross examination and closing argument.

2. Pollak, J. further stated at pages 7 and 8:

Mr. Alberici filed an appeal from the order of December 2, 1986, which order was affirmed by the Court of Appeals in June, 1987. That court, speaking through Mansmann, J., held that the trial court did not abuse its discretion in denying Alberici's motion for collateral relief under 28 U.S.C. § 2255 without holding an evidentiary hearing. The Court of Appeals held that after a hearing on the defendant's second motion for a new trial, the District Court established that Alberici's trial counsel was competent and effective and that determination was upheld on appeal by the Court of Appeals for the Third Circuit.

In his civil complaint, Alberici claimed that Tinari and Gorbey breached their duties to him as his attorneys in that they and each of them:

A.  Failed to investigate, interview and arrange for their attendance at the trial of [various witnesses and potential suspects].

B.  Failed to examine and make effective use of [various records and documents].

C.  Failed to request that the Trial Judge give an accomplice charge, since the prosecution depended very heavily on the testimony of persons allegedly linked with plaintiff Alberici in the alleged arson which was the focus of the alleged mail fraud.

> In the usual case, a section 2255 motion is the first opportunity the sentencing court has to consider claims of ineffective assistance of counsel or failure to disclose evidence. An ineffective assistance claim cannot be brought until a defendant has abandoned his trial counsel; both types of claims are likely to require post-trial investigation. But the case before us is unusual. Defendant in this case obtained new counsel and was granted what became a lengthy continuance in order to raise his ineffective assistance claim through post-trial motions and on direct review. Defendant then used the procedural device of a third motion for new trial under Rule 33 to raise claims of failure to disclose evidence, claims that, as this court pointed out in its August 9, 1985 ruling, might more appropriately have been brought in a section 2255 motion. Applying the standard articulated in *Palumbo* to the record created by these proceedings, we conclude that defendant is not free to relitigate his claim in the motion he has at last brought pursuant to section 2255.

D. Failed to prepare adequately for meaningful cross examination and closing argument and for proper use of prior inconsistent statements to impeach and means to attack fabricated and highly prejudicial evidence, e.g. identity of escape car not owned by alleged arson accomplice at time of incident. (Paragraph 12 of the Complaint)

The Second Count alleged in paragraph 18 that:

"As a result of the malpractice of each of the Defendants as aforesaid, Plaintiff, THERESA ALBERICI, has been and may continue to be deprived of the society, companionship and consortium of her husband, JOSEPH ALBERICI."

The court below granted Tinari's and Gorbey's motions for summary judgment on the grounds that the federal adjudication of Mr. Alberici's ineffective assistance claim barred a civil malpractice action. There are no appellate decisions in this Commonwealth which deal directly with the issue before us. However, *Reiger v. Ambrose,* 38 Pa.D. & C.3d 430 (Erie County, 1986) decided by the Court of Common Pleas of Erie County is most instructive. In that civil case, the plaintiff had been charged with violating federal gambling laws. After dismissing his counsel and proceeding *pro se,* he was found guilty. He filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, as in the instant case, alleging ineffective assistance of counsel. A hearing was held in federal court and counsel was found to be effective. "Plaintiff, unsuccessful in his attempt to persuade the federal court of his trial counsel's ineffectiveness, filed this civil action [in the Court of Common Pleas of Erie County] alleging negligence and breach of contract." 38 Pa.D. & C.3d at 431. The court granted defendant's motion for summary judgment on the basis of collateral estoppel and stated at 38 Pa.D. & C.3d 433:

Plaintiff, against whom the doctrine of collateral estoppel is asserted, was clearly a party in the prior criminal action. He certainly had a full and fair opportunity to litigate the issue of ineffectiveness of counsel in the prior proceeding ... Plaintiff was also represented by legal

counsel. The issue of ineffectiveness of counsel was not only essential to, but was the heart of plaintiff's motion to vacate sentence in the federal court criminal proceeding.[3]

In *People ex rel. Snead v. Kirkland,* 462 F.Supp. 914 (E.D.Pa.1978), the plaintiff, who was convicted in federal court, sought damages against his defense counsel based on ineffective representation. The District Court held that the action was barred by collateral estoppel as the issue of effectiveness of counsel was raised and decided adversely to the plaintiff in his motion to vacate, set aside or correct the sentence. The question of collateral estoppel as a defense was carefully analyzed in *"Criminal Malpractice: Threshold Barriers to Recovery Against Negligent Criminal Counsel,"* Duke Law Journal, 1981 page 542. The article refers to criminal malpractice as legal malpractice in the course of representing a criminal defendant. In discussing collateral estoppel, the author states:

### III. COLLATERAL ESTOPPEL

The doctrine of collateral estoppel is a potential defense to any legal malpractice action. One application of the doctrine, however, is unique to criminal malpractice suits. A client who has unsuccessfully raised the constitutional claim of ineffective assistance of counsel in the underlying criminal action is estopped from relitigating identical issues in a subsequent malpractice action against his defense attorney.

.     .     .     .     .

Applying this form of estoppel in a criminal malpractice action is justified only in certain circumstances. First, the issue barred from relitigation must be identical to an issue necessarily decided or actually adjudicated in the

---

3. The court noted in *Reiger v. Ambrose,* 38 Pa.D. & C.2d at 434:
   Both the state and federal legislatures have provided to persons convicted of crimes an opportunity to second guess their counsel (28 U.S.C. § 2255 et seq. and 42 Pa.C.S. § 9541 et seq.) However, the doctrine of estoppel denies them a third guess.

prior proceeding.  Second, the party against whom the defense is asserted must have had a full and fair opportunity to litigate the issues in the prior proceeding.  In the context of criminal malpractice actions the second requirement generally presents no problem.  The client had his day in court when his claim of ineffective assistance of counsel was litigated in the underlying criminal action.  The first requirement, however—that the issues be identical—is not so easily satisfied.

.    .    .    .    .

In some jurisdictions, however, courts apply different standards for judging the performance of counsel in malpractice actions than in ineffective assistance proceedings.  *The standard used in malpractice actions is relatively uniform: courts require attorneys to exercise that degree of skill and knowledge normally possessed by their colleagues.*  The standard used to determine whether a client has received constitutionally effective assistance of counsel, however, varies from jurisdiction to jurisdiction.  The Supreme Court has held that the attorney's advice must be "within the range of competence demanded of attorneys in criminal cases."  Most courts follow this standard, or the similar test of "reasonable competency."  If the court determining the assistance of counsel claim uses this standard, the malpractice standard may be sufficiently analogous to provide the requisite identity of issues. (Emphasis added.)  Pages 551–553

Footnote 60 follows the last sentence above quoted and states:

60.  *Some courts have forged standards for effective assistance of counsel that are virtually identical to legal malpractice standards.*  See, e.g., *United States v. Hood,* 593 F.2d 293, 297 (8th Cir.1979) ("In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances."); *Moore v. United States,* 432 F.2d 730, 736 (3d

Cir.1970) ("[T]he standard of adequacy of legal services ... is the exercise of the customary skill and knowledge which normally prevails at the time and place.") (Emphasis added.) Page 553

In order to establish ineffective assistance of counsel, a defendant must show that his attorney's representation fell below an "objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, (1984). The appellees met this standard of reasonableness in the eyes of the federal court.

The appellants alleged in their complaint that the appellees "in the aforesaid criminal proceedings, failed to use that degree of skill, care, knowledge and attention ordinarily possessed and exercised by practitioners of the legal profession under like circumstances ..." In other words, the complaint alleges failure to comply with the same standards as the federal court used in determining that counsel were not ineffective. See *Moore v. United States*, 432 F.2d 730 (3d Cir.1970).

The doctrine of collateral estoppel[4] as applied in Pennsylvania requires that: (1) the issue decided in the prior litigation was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication and (4) the party against whom it was asserted had a full and fair opportunity to litigate the issue in question in a prior action. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 464 A.2d 1313 (1983); *Derry Township School District v. Day & Zimmerman, Inc.*, 345 Pa.Super. 487, 498 A.2d 928 (1985). The doctrine of collateral estoppel is a broader concept than res judicata and operates to prevent a question of law or issue of fact which has once been litigated and finally determined in a court of competent jurisdiction from being relitigated in a subsequent suit. *Keystone Building Corporation v. Lincoln Savings and Loan Association*,

---

**4.** Collateral estoppel is also referred to as "issue preclusion". *Commonwealth v. Winter*, 324 Pa.Super. 255, 256, 471 A.2d 826 (1984).

468 Pa. 85, 360 A.2d 191 (1976), and *Day v. Volkswagen-werk v. Aktiengesellschaft, supra.*

The troublesome part in our application of the doctrine of collateral estoppel is whether the federal court finally adjudicated the same issues raised in the civil action commenced in the court below. We conclude that the issues were finally determined. The central theme in the various post-trial proceedings in the federal court was that trial counsel in the federal criminal trial were ineffective. In the motion for reconsideration of the defendant's motion for new trial, Mr. Sprague claimed ineffective assistance of counsel by virtue of failure to object to inadequacies of the court's charge to the jury. This is covered in paragraph 12(C) of the complaint. Also, in his appeal to the United States Court of Appeals for the Third Circuit, the appellant alleged ineffectiveness in failing to request an accomplice instruction. Paragraphs 12(A) and 12(B) set forth a cause of action based on improper defense of the criminal charges. This claim of inadequate defense was set forth not only in the motion for reconsideration of the defendant's motion for new trial, but also in his supplemental motion for acquittal. Subparagraph (D) also goes to improper defense and although it enunciates allegations that were not specifically raised in the proceedings in the federal court, they are only a facet of the broader concept of improper defense or ineffective assistance of counsel. There is nothing set forth in the civil complaint that was not ascertainable from the trial record in the District Court and available to the appellant and his subsequent counsel. The appellant has not claimed any malpractice on the part of subsequent counsel, and yet it would seem that if trial counsel were remiss, all aspects of their ineffectiveness would have been raised in the various proceedings in the federal court. Stated otherwise, Alberici's claim of malpractice is against only his trial counsel. Since there is no assertion of malpractice against subsequent counsel, we can assume that they did not fail to raise all claims of trial counsel's ineffectiveness that might have been raised. In any event, the appellant had the opportunity, which he properly exercised, of raising whatev-

er issues of ineffective defense counsel within the federal judicial system that he desired. Merely casting the basic complaints in different form in the civil action does not constitute the raising of new issues so as to bar the doctrine of equitable estoppel.

The necessary elements to prove a cause of action based on legal malpractice are: (1) the employment of the attorney or other basis for a duty on the part of the attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) negligence by the attorney which was the proximate cause of damage to the plaintiff. *Trice v. Mozenter*, 356 Pa.Super. 510, 515 A.2d 10 (1986). See also *Schenkel v. Monheit*, 266 Pa.Super. 396, 405 A.2d 493 (1979); *Ei Bon EE Baya Ghananee v. Black*, 350 Pa.Super. 134, 504 A.2d 281 (1986).[5] In the case before us, the appellant has unsuccessfully raised the question of ineffectiveness of counsel at three levels in the federal judicial system and it has been definitively determined that counsel was not ineffective. Accordingly, his conviction in the federal district court has been affirmed. The second element of the tri-partite test has not been met.[6]

We hold as a matter of law that appellant has failed to set forth a cause of action. Cases from other jurisdictions support our conclusion. In *Johnson v. Raban*, Missouri Court of Appeals, 702 S.W.2d 134 (Mo.App.1985), the court held that a dismissal with prejudice of a legal malpractice suit was proper where the court in a criminal trial determined that the plaintiff's lawyer was not ineffective. The court applied the doctrine of collateral estoppel or issue

**5.** In this case we pointed out that a claim of ineffective assistance of counsel is tantamount to an allegation of incompetency. We held that the fact that a criminal defendant may have a remedy within the state criminal justice system under the Post Conviction Hearing Act does not preclude him from pursuing civil remedies based on the alleged negligent conduct of the attorney. This ruling does not affect the doctrine of collateral estoppel where the issue of ineffectiveness of counsel has been thoroughly considered and it has been definitively decided that counsel was not ineffective.

**6.** As Joseph Alberici has not set forth a cause of action, the Second Count pertaining to Theresa Alberici's claim must also fail as it is a derivative action.

preclusion.[7] In *Vavolizza v. Krieger*, 33 N.Y.2d 351, 352 N.Y.S.2d 919, 308 N.E.2d 439 (1974) the New York Court of Appeals held that the denial of a criminal defendant's motion to vacate a guilty plea in a criminal action acted to collaterally estop a later civil action brought against the attorney for malpractice based on the attorney's advice to plead guilty. In *Garcia v. Ray*, Civil Court of Appeals of Texas, 556 S.W.2d 870 (Tex.Civ.App.1977), summary judgment was entered in favor of an attorney who was sued for malpractice by his former client in a criminal case. The client had been found guilty and had appealed on the grounds of ineffective assistance of counsel. The appellate court in the criminal case had determined that counsel was not ineffective and it was held that this barred the assertion of such a claim in a civil action.[8]

Where the issue of ineffectiveness of counsel has been fully explored in the criminal forum, and it has been determined that the counsel was not ineffective and the defendant's conviction has been sustained, it would be totally unreasonable to allow the question of effectiveness of counsel to again be questioned in a civil trial. Such a procedure would require a complete review of the criminal proceedings to determine if counsel did or did not act in such a way that his conduct, or lack thereof, prejudiced the criminal defendant. That question, having already been determined in the underlying criminal proceeding, may not again be the subject of judicial inquiry in a civil proceeding.

The appellant also contends that the court below erred in granting summary judgment on the present state of the

7. The court added at 702 S.W.2d 138: "Finally, public policy dictates that a person convicted of a crime who has failed in his attack upon his conviction both directly and collaterally should not be permitted to recover against his attorney in a civil malpractice action for damages allegedly arising out of the attorney's handling of his defense."

8. The court stated at 556 S.W.2d 872:
    The standard of proof generally in a criminal case is usually different than in civil actions. However, on the other hand, how could you test the adequacy of counsel any better than by having the direct point determined by the highest court of our State in the related criminal case?

record. In Joseph Alberici's answer to motion for summary judgment, he does not object to the entry of summary judgment because of the state of the record, including incomplete discovery. It is well settled that issues not raised in the hearing court are not properly preserved for appellate review and will not be considered. *Kovach v. General Telephone Co. of Pennsylvania,* 340 Pa.Super. 144, 489 A.2d 883 (1985); *Cherry v. Willer,* 317 Pa.Super. 58, 463 A.2d 1082 (1983); *Durkin v. Equine Clinics, Inc.,* 313 Pa.Super. 75, 459 A.2d 417 (1983); *O'Malley v. Peerless Petroleum, Inc.,* 283 Pa.Super. 272, 423 A.2d 1251 (1980); Pa.R.A.P. 302(a).

Judgment affirmed.