# Anthem Personal Insurance Co. v. Vargo

C.P. of Bucks County, no. 95-03840-09-5.

*Michael T. Farrell,* for plaintiff.
*Jeffrey I. Zimmerman,* for defendant.

RUFE, W., *J.,* April 10, 1996—At issue is plaintiff, Anthem Personal Insurance Company's, motion for summary judgment. On July 27, 1990, defendant, Beverly Vargo, was involved in a car accident with a car driven by Riva Long. Plaintiff has brought this declaratory judgment action to estop defendants, Richard and Beverly Vargo, from relitigating the level of damages that they are entitled to recover from Riva Long or her insurer as a result of that accident. Defendants are attempting to recover from plaintiff damages for an underinsured motor vehicle as a result of that accident. For the following reasons, we grant the summary judgment motion.

The background and procedural history of this case is fairly lengthy. As stated above, the accident between defendant, Beverly Vargo, and the third party, Riva Long, occurred on July 27, 1990. Defendant, Beverly Vargo, sought recovery for injuries allegedly sustained from that accident from Prudential Insurance Company, Ms. Long's insurer. Ms. Vargo was driving a vehicle insured by Anthem, and her policy included benefits for underinsured motorist coverage.

The Vargos, Ms. Long, and Prudential, by and through their attorneys, agreed to submit their cause of action

regarding the damages the Vargos were entitled to recover from Ms. Long to Judicate, an alternative dispute resolution organization. The parties agreed to a high/low arbitration to be conducted pursuant to the Judicate rules of procedure. At a high/low arbitration, the trier of fact determines the amount of a plaintiff's damages without knowing the high and low limits that the parties agreed to place on the award.

Further, pursuant to the Judicate agreement, the Vargos agreed: (1) to waive their right to proceed with their claims against Riva Long in any public or private tribunal; (2) waive their right to a trial by jury; and (3) abide by any decision rendered by the Judicate as the forum in which they would litigate their claims against Riva Long and Prudential for damages arising out of the July 27, 1990 accident.

The parties presented their evidence, and on April 20, 1992, Judicate Judge Stanley M. Greenberg, a retired judge of the Philadelphia Court of Common Pleas, issued the following order:

"And now, April 20, 1992, the court finds in favor of the plaintiff and against the defendant in the amount of $19,750."

There was some dispute as to whether this decision included an award for defendant Richard Vargo's loss of consortium claim. The Vargos therefore sought clarification of the Judicate award regarding the loss of consortium claim, and on May 19, 1992, Judge Greenberg permitted a "hearing and disposition" on this claim. Judge Greenberg issued his decision that same day, stating that defendant Beverly Vargo's claim was "not being reconsidered," and that as to her, "the adjudication and award of April 20, 1992 shall remain in effect as it now stands." As to Richard Vargo's claim, however, Judge Greenberg had to remove himself, because he

had become aware of the nature of the high/low agreement between the Vargos and the underlying defendant, Riva Long.

On May 20, 1992, the Vargos filed a motion to vacate or modify the April 20, 1992 Judicate award in the Philadelphia Court of Common Pleas. The Vargos averred that the sum of $19,750 awarded to "plaintiff" in the April 20, 1992 award did not include Richard Vargo's loss of consortium claim. On June 26, 1992, the Philadelphia Court of Common Pleas denied the Vargos' motion to vacate, and instead confirmed the Judicate award of April 20, 1992. The Vargos moved for reconsideration of the June 26 decision, but on July 21, 1992, their petition for reconsideration was denied.

On July 23, 1992, the Vargos filed a notice of appeal regarding the decision of the Philadelphia Court of Common Pleas confirming the April 20, 1992 Judicate award. Judge Diaz of the Philadelphia Court of Common Pleas on October 13, 1992 found that after a full hearing with all aspects of damages considered, the April 20, 1992 Judicate award was final and binding. Judge Diaz, in his decision, stated: "This court confirms the arbitration award as agreed to by the plaintiffs and defendant in their decision to bypass the legal court system." Judge Diaz's decision was affirmed by the Superior Court on July 8, 1993.

On October 20, 1992, Judicate held a second hearing regarding Richard Vargo's loss of consortium claim. This hearing was presided over by Judge Cody. Neither Riva Long nor her insurer, Prudential, participated in the substance of the second hearing. Counsel for Prudential appeared solely for the purpose of arguing that the second hearing was outside the scope of Judicate's jurisdiction. Judge Cody awarded Richard Vargo $7,500 for his loss of consortium on October 27, 1992.

On November 22, 1992, Prudential's counsel wrote to Judge Cody requesting an appeal of the October 27, 1992 award; on November 23, 1992, counsel for the Vargos wrote to oppose an appeal. Judge Cody denied the appeal on December 6, 1992.

Prudential's counsel brought a motion in the Philadelphia Court of Common Pleas on March 28, 1994 to vacate the second Judicate award issued by Judge Cody. On April 6, 1994 the Court of Common Pleas vacated the Judicate award issued by Judge Cody, and, thereafter, on April 8, 1994, Prudential agreed to pay $25,000 to Richard and Beverly Vargo.

The question this court must address is whether the April 20, 1992 Judicate award is final and binding on the Vargos as to how much they may receive in damages as a result of this accident. The amount awarded by Judicate was $19,750, and that award was made without the judge knowing what the top amount the insurer had agreed to pay. To reiterate, the Judicate agreement states that the parties agree that the arbitration is binding, and that they waive the right to proceed with this matter in any other public or private tribunal. Therefore, we believe defendants are bound by the decision of Judicate and cannot now argue that they were only trying one aspect of their case.

Defendants' position is that they were only trying one aspect of their case, that they were only putting on the damages as of the date of the arbitration (because the damages were continuing to accrue), and that they did not even try to put on their full case with full damages. Defendants are attempting to argue that they waived their case only against Ms. Long, and that they had always planned to pursue their underinsurance claim against plaintiff Anthem after the arbitration. We find no merit in this argument.

We believe that collateral estoppel applies here and prevents defendants from proceeding with this matter. Both parties agree that the application of collateral estoppel requires that:

"(1) the issue decided in the prior adjudication was identical with the one presented in the later action;

"(2) there was a final judgment on the merits;

"(3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and

"(4) the party against whom it was asserted had had a full and fair opportunity to litigate the issue in question in a prior action." *Alberici v. Tinari,* 374 Pa. Super. 20, 29, 542 A.2d 127, 131 (1988).

We believe that all four criteria are met and that defendants are barred by collateral estoppel.

As to the first prong, the issue that plaintiff is seeking to estop defendants from relitigating is the damages the defendants are legally entitled to recover from Rita Long. Obviously, that was the issue litigated before Judicate Judge Greenberg, which resulted in the April 20, 1992 order for Riva Long and her insurer to pay $19,750 to defendants as a result of the July 27, 1990 accident.

As to the second prong, there was a final judgment on the merits, as evidenced by the April 20, 1992 order. Third, there is no dispute that defendants were parties to the prior adjudication. Finally, there was a full and fair opportunity to litigate the issue in question in the prior action, satisfying the fourth prong. We reject defendants' contention that they did not put on their full case with all their evidence; whether this was a tactical mistake on the part of the defendants or whether they undervalued their case in agreeing to submit to a hearing

where there was a $25,000 cap and now believe they should have gotten more for their injuries, is of no concern to us. Defendants are clearly attempting to relitigate the issue of what damages they are entitled to as a result of this accident with Riva Long, and they are estopped from doing so. We find the remainder of defendants' arguments to be without merit.

We therefore grant plaintiff's motion for summary judgment and enter the following:

## ORDER

And now, April 10, 1996, upon consideration of motion for summary judgment of plaintiff, Anthem Personal Insurance Company, the response thereto of defendants, Richard and Beverly Vargo, memoranda of counsel, oral argument, and the record, it is hereby ordered and decreed that the motion is granted, and that defendants are not entitled to any underinsured motorist benefits under plaintiff's policy.