J-S65022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TEREL D. DIXON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEVEN VALSAMIDIS, | |
| Appellee | No. 156 WDA 2016 |

Appeal from the Order Entered December 17, 2015
In the Court of Common Pleas of Beaver County
Civil Division at No(s): 10449-2014

BEFORE: LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 22, 2016**

Appellant, Terel D. Dixon, appeals *pro se* from the order entered on December 17, 2015, granting a petition for judgment on the pleadings filed by Steven Valsamidis (Valsamidis) and dismissing Appellant's *pro se* claims for breach of contract and fiduciary duty. Appellant also challenges the trial court's grant of Valsamidis' motion to dismiss pursuant to Pa.R.C.P. 233.1, thereby barring Appellant from pursuing additional, frivolous *pro se* litigation raising the same or related claims. We affirm.

We briefly summarize the facts and procedural history of this case as follows. In 2011, Valsamidis, an attorney, represented Appellant on murder charges in Beaver County, Pennsylvania. On August 5, 2011, Appellant pled guilty to third-degree murder and the trial court sentenced him to 12 to 30 years of incarceration. Appellant did not appeal. On January 6, 2012, the

_____

*Retired Senior Judge assigned to the Superior Court.

trial court granted Valsamidis' request to withdraw as counsel. On June 27, 2012, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed an amended PCRA petition. On November 16, 2012, following an evidentiary hearing, the PCRA court denied relief. Appellant appealed the PCRA court's determination and we affirmed. ***See Commonwealth v. Dixon***, 83 A.3d 1069 (Pa. Super. 2013) (unpublished memorandum). Appellant filed a petition for allowance of appeal on November 21, 2013, which our Supreme Court denied on May 6, 2014. ***See Commonwealth v. Dixon***, 91 A.3d 161 (Pa. 2014). Appellant filed a second *pro se* PCRA petition that the trial court denied as untimely on September 16, 2014. We affirmed. ***See Commonwealth v. Dixon***, 2015 WL 7194807 (Pa. Super. 2015) (unpublished memorandum).

Currently on appeal is Appellant's *pro se* professional liability complaint against Valsamidis filed on March 24, 2014. Appellant subsequently amended the complaint three times thereafter, filing his fourth complaint, on March 20, 2015, alleging breach of contract and breach of fiduciary duty. Valsamidis filed a motion for judgment on the pleadings and a motion to dismiss. Appellant filed preliminary objections to both motions. The trial court scheduled a hearing. Appellant failed to make a written request to participate via video conference from prison despite the trial court's advance notice to do so. Accordingly, Appellant was not present when the trial court held argument on December 8, 2015. By order and accompanying opinion

entered on December 17, 2015, the trial court granted both motions filed by

Valsamidis. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

I. Whether the trial court erred in denying Appellant's motion to inspect the record?

II. Whether the lower court erred in failing to issue a judicial opinion and/or an order to Appellant's motion for reconsideration?

III. Whether the lower court erred in holding an *ex parte* hearing?

IV. Whether the trial court erred in dismissing the complaint pursuant to the collateral estoppel doctrine in that the defendant/Appellee failed to establish that the "full and fair opportunity to litigate the issue" prong of the collateral estoppel doctrine applied to [Appellant's] claims and whether the trial court erred in granting [] Appellees' motion for judgment on the

_____

[1] It appears that Appellant may have filed a motion for reconsideration; however, the docket does not reflect that Appellant filed one. The docket does show that Valsamidis filed a response to Appellant's motion for reconsideration on January 21, 2016. The trial court did not rule on the motion for reconsideration. On January 15, 2016, Appellant filed a notice of appeal simultaneously with a motion to inspect the record and a request for transcripts. On January 27, 2016, the trial court entered an order denying relief on Appellant's request to inspect the record, citing its December 17, 2015 opinion that barred Appellant from pursuing additional claims against Valsamidis arising out of the same or related claims. In two additional orders dated the same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and directed the court administrator to order transcription. After the trial court expressly granted an extension to file the Rule 1925(b) statement, Appellant complied on March 3, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 11, 2016, adopting the rationale from the opinion issued on December 17, 2015.

pleadings as [] Appellee's failure created sufficient doubt as to the applicability of the collateral estoppel doctrine as it pertains to [] Appellant's claims?

V.    Whether the lower court failed to adjudicate [] Appellee's amended answer and new matter pleading and Appellant's pleadings filed in response thereto and whether the lower court's failure resulted in the relevant pleadings not being closed, making the adjudication of [] Appellee's motion for judgment on the pleadings premature?

VI.   Whether the trial court erred in granting [] Appellee's motion for judgment on the pleadings in that the filing of the motion was an unreasonable delay of trial and whether the trial court erred in granting [] Appellee's motion to dismiss (pursuant to Pa.R.Civ.P. 233.1) well after the commencement of the action resulting in both motion[s] being filed in an untimely manner?

VII.  Whether the trial court erred in granting [] Appellee's motion for judgment on the pleadings in that there were disputed issues of material fact, the court did not limit its review to the relevant pleadings and documents, [] Appellee's motion violated the requirements of Pa.R.Civ.P. 1019(i), the collateral estoppel doctrine cannot be raised in a motion for judgment on the pleadings and the issues contained in the complaint were not actually litigated and could not have been raised on collateral review as is required to support a collateral estoppel defense?

VIII. Whether the trial court erred in granting [] Appellee's motion to dismiss (pursuant to Pa.R.Civ.P. 233.1) in that the grounds for the motion were waived for failure to include said grounds in the amended answer and new matter pleading, the issues sought to be dismissed under the rule were not fully heard and resolved, the civil complaint proceeded as one matter as opposed to "serial complaints" and Appellant substantiated the factual basis of the claims contained in the complaint in prior court proceedings?

IX. Whether the trial court erred in failing to adjudicate Appellant's petition to transfer the venue pleading prior to adjudicating Appellee's motion for judgment on the pleadings/motion to dismiss resulting in Appellee's pleadings being premature or otherwise not heard by a fair and impartial tribunal?

X. Whether the trial court erred in ruling that the oral agreements entered between [] Appellant and [] Appellee were parol evidence rather than being independent from the written contract and whether the trial court erred in failing to consider parol evidence in support of the breach of contract claims?

XI. Whether the lower court erred in treating Appellant's breach of fiduciary duty claims as legal malpractice claims in that the burden of proof between the two causes of action are distinct and different, [] Appellee was no longer employed and there was no basis for Appellee's duty, the claims contained therein do not aver any failure to "exercise ordinary skill and knowledge" and the collateral estoppel doctrine cannot attach to a breach of fiduciary duty cause of action?

XII. Whether the trial court erred in not sustaining Appellant's preliminary objections filed to the defendant/Appellee's motion for judgment on the pleadings?

XIII. Whether the trial court's memorandum opinion and order dismissing the complaint was based on irrelevant and impertinent evidence offered by [] Appellee?

XIV. Whether the lower court erred in dismissing the complaint pursuant to the collateral estoppel doctrine in favor of Appellee's contentions rather than ruling that the collateral estoppel doctrine worked to [] Appellant's favor in that the PCRA court specifically found the similar contentions raised therein were raised in the complaint to be true?

XV.   Whether Judge McBride should have recused himself from the lower court proceedings?

XVI.  Whether the lower court erred in not addressing the application for subpoena submitted by [] Appellant prior to holding the *ex parte* hearing?

Appellant's Brief at 6-7 (complete capitalization omitted).

We adhere to the following standards:

> Judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting judgment on the pleadings is plenary and we apply the same standard employed by the trial court. Our review is confined to the pleadings and relevant documents. We must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts that were specifically admitted. ***Southwestern Energy Prod. Co. v. Forest Res., LLC***, 83 A.3d 177, 185 (Pa. Super. 2013). We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

***McLafferty v. Council for the Association of Owners of Condominium No. One, Inc.***, 2016 WL 4743511, at *3 (Pa. Super. September 12, 2016).

We reviewed the certified record, the parties' briefs, the relevant law, and the trial court's opinion entered on December 17, 2015. We conclude that the opinion meticulously, thoroughly, and accurately disposes of all of Appellant's challenges on appeal. The trial court determined that Appellant's

breach of contract claim, premised on Valsamidis' purported oral promise that Appellant would receive a specific sentence, failed because the fee agreement, the only written contract between the parties, provided: "Attorney offers no guarantee or promise to [Appellant] as to any outcome[.]" Trial Court Opinion, 12/17/2015, at 5 (unpaginated). Appellant also claimed Valsamidis breached the parties' contract by coercing Appellant into pleading guilty. The trial court determined that the contractual language Appellant relied upon, "Attorney will perform the tasks reasonable, necessary and ordinary to prepare […] and will render Attorney's best professional skills in representing [Appellant's] interests" was "a recitation of the standard of care all attorneys owe their clients" and not a breach of a specific contract term as required in asserting a breach of contract claim sounding in legal malpractice. Finally, the trial court determined that the second count of Appellant's complaint, while averred as a breach of fiduciary claim, actually alleged legal malpractice. The trial court recognized that the PCRA court concluded Valsamidis was effective in his representation of Appellant and, thus, collateral estoppel barred Appellant from re-litigating the identical claims presented to the PCRA court in a subsequent legal malpractice action against Valsamidis. *Id.* at 6-8 (unpaginated). We agree. There are no disputed issues of fact and Valsamidis' right to prevail is clear and certain.

Moreover, our review of the order granting Valsamidis' motion to dismiss Appellant's breach of contract and fiduciary duty claims pursuant to

Pa.R.C.P. 233.1 is subject to an abuse of discretion standard. ***Coulter v. Ramsden***, 94 A.3d 1080, 1086 (Pa. Super. 2014). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason [or] if it does not follow legal procedure." ***Id.*** Pennsylvania Rule of Civil Procedure 233.1 governs a defendant's motion to dismiss frivolous claims brought by a *pro se* plaintiff and provides, in relevant part, as follows:

> **Rule 233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**
>
> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > (1)　the *pro se* plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and
> >
> > (2)　these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> *　　　*　　　*
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1(a)&(c).

Here, the trial court determined Appellant "filed four [amended] complaints against Valsamidis, all essentially alleging ineffective assistance of counsel [and Appellant's] claim has not changed from his first PCRA filing

to []his [f]ourth [c]omplaint." Trial Court Opinion, 12/17/2015, at 8 (unpaginated). Accordingly, the trial court determined Appellant's "continued complaints amount to frivolous litigation." *Id.* at 9 (unpaginated). Upon review, we agree. Therefore, we affirm on the basis of the trial court's opinion and adopt it as our own. Because we have adopted the trial court's opinion, we direct the parties to include the trial court's opinion in all future filings relating to our examination of the merits of this appeal, as expressed herein. Moreover, we reject Appellant's argument that the trial court failed to address his motion for reconsideration, motion to inspect the record, and *ex parte* hearing claim, having already determined the trial court properly barred Appellant from pursuing additional *pro se* litigation against Valsamidis raising the same or related claims and because Appellant did not request leave of court. *See* Pa.R.C.P. 233.1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

- 9 -

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY,
PENNSYLVANIA
CIVIL DIVISION -- LAW

TEREL DARNELL DIXON,  :
     Plaintiff, *pro se*  :
    :
vs.  :         No. 10449 of 2014
    :
    :
STEVEN VALSAMIDIS,  :
     Defendant  :

## MEMORANDUM OPINION AND ORDER

MCBRIDE, P. J.                            December 17, 2015

Oral argument was held in this case on December 8, 2015 following Defendant's, Steven Valsadmidis', Motion for Judgment on the Pleadings, or in the alternative, Motion to Dismiss pursuant to Pennsylvania Rule of Civil Procedure § 233.1. After considering all of the evidence provided at the Argument, as well as the Briefs filed by each party, this Court finds that Defendant's Motion for Judgment on the Pleadings for Plaintiff's breach of contract claim and breach of fiduciary duty claim shall be GRANTED. Furthermore, Defendant's Motion to Dismiss is also granted pursuant to Pa.R.C.P. § 233.1 because this issue has already been fully heard and resolved. Plaintiff is barred from pursuing additional claims against Defendant.

### *Procedural and Factual Background*

The relevant procedural history of this case is summarized as follows. The Defendant, a licensed attorney, represented the Plaintiff on August 5, 2011 in the Court of Common Pleas of Beaver County. On this date, the Plaintiff entered into a guilty plea to Third Degree Murder. At the guilty plea proceedings, the Defendant asked the Plaintiff specifically if he knew what rights






he was giving up by entering into a guilty plea and if he was satisfied by the Defendant's representation of him. The Plaintiff answered in the affirmative to both questions. The Court accepted the plea, finding that it was entered into intelligently, knowingly and voluntarily. The Plaintiff was sentenced on August 12, 2011 to twelve years of incarceration. At the sentencing hearing, the Plaintiff was advised that his case required a minimum of seven and a half years of incarceration, with a possible maximum sentence of twenty to forty years. The Defendant represented the Plaintiff at this hearing as well, and argued for a mitigated sentence for his client. After considering the severity of the crime (the victim was shot ten times), the Plaintiff's prior criminal history, reports prepared by psychiatrists and the Plaintiff's self-defense claim, the Court found that a sentence of twelve to thirty years of incarceration was appropriate. Approximately one month later, the Defendant received a letter from the Plaintiff expressing his gratitude for the Defendant's services and stating, "I owe you at least 8 years of my life." The Defendant is currently serving his sentence in a State Correctional Institution.

Nearly a year later, on June 27, 2012, the Plaintiff filed a *pro se* Post-Conviction Relief Act ("PCRA") Petition claiming ineffective assistance of counsel. A Hearing was held on November 16, 2012, and the Court denied the Petition, finding there was no basis for the ineffectiveness of counsel claims. The Plaintiff appealed to the Superior Court, which also denied relief on August 20, 2013. *Commonwealth v. Dixon*, 83 A.3d 1069 (Pa.Super.2013) (unpublished memorandum). The Plaintiff then filed a Petition for Allowance of Appeal on November 21, 2013 with the Pennsylvania Supreme Court. *Commonwealth v. Dixon*, 91 A.3d 161 (Pa.2014). That Petition was likewise denied on May 6, 2014. *Id.* Next, Plaintiff filed a second *pro se* PCRA appeal, which was denied by the Court of Common Pleas on September 16,

2014.[1] The Plaintiff appealed again to the Superior Court, and the Court denied the appeal on May 19, 2015. *Com. v. Dixon*, 2015 WL 7194807, at *1 (Pa. Super. May 19, 2015). At this point, the Plaintiff's claim for ineffective assistance of counsel has been fully heard and denied by the Pennsylvania Courts.

In the instant case, the Plaintiff filed a professional liability suit *pro se* on March 24, 2014 against the Defendant. On May 12, 2014, the Plaintiff filed a Second Complaint. The Defendant filed Preliminary Objections on November 21, 2014, alleging he had not been properly served and that the Plaintiff is collaterally estopped from bringing this action because his PCRA Petition for ineffective assistance of counsel was denied. The Plaintiff then filed a Third Complaint on December 11, 2014. The Third Complaint alleged professional negligence, breach of contract, legal malpractice and breach of fiduciary duty. The Defendant filed Preliminary Objections to the Third Complaint on February 3, 2015. In response, the Plaintiff filed a Fourth Complaint on March 20, 2015, which is the substance of this Opinion. The Fourth Complaint alleges breach of contract and breach of fiduciary duty in the Defendant's legal representation of the Plaintiff. The Defendant filed an Amended Answer and Amended New Matter, and the Plaintiff filed a response to both. The Defendant then filed a Motion for Judgment on the Pleadings and a Motion to Dismiss that is currently before this Court. The Plaintiff filed Preliminary Objections to the Defendant's Motions and both parties submitted Briefs. Oral Argument was held on December 8, 2015. The Plaintiff did not attend the Argument.[2] The pleadings are now closed and this Court is ready to Grant the Defendant's Motions.

---

[1] The second PCRA Petition alleged errors made by the Judge in the first PCRA appeal and alleged the Defendant had become aware of new facts. The Petition was ultimately dismissed as untimely.

[2] This Court issued an Order on October 27, 2015, notifying the Plaintiff that he could participate in the argument via video-conference if he made a written request to the Court at least two weeks before the date of the Oral Argument. The reason for this requirement was due to past experience with State Correctional Institutions, wherein ten days' notice was required to schedule the video-conference. The Plaintiff made a written request, but it was not received by the courthouse until December 3, 2013. On the date of the hearing, the State Correctional Institution

*Analysis*

Motions for Judgment on the Pleadings are governed by the Pennsylvania Rule of Civil Procedure 1034(a). The Rule provides, "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). In deciding a Motion for Judgment on the Pleadings, the Court must consider all of the pleadings and responsive pleadings filed by the moving and non-moving parties. *See Herman v. Stern,* 213 A.2d 594 (Pa. 1965). The standard of review for this Motion is identical to that of a Demurrer; a Motion for Judgment on the Pleadings and a Demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *See Morgan v. McPhail,* 672 A.2d. 1359 (Pa. Super, 1996). Thus, in order for the Motion to be granted, the moving party must be entitled to judgment as a matter of law. *Id.*

Defendant makes three arguments as to why his Motion should be granted. This Court agrees with all three arguments and will address each argument in turn.

**I. Defendant is entitled to Judgment on the Pleadings on Plaintiff's Breach of Contract Claim.**

Plaintiff alleges in Count I of his Fourth Complaint, a breach of contract claim. This claim is based on a fee agreement between the Plaintiff and the Defendant for the Defendant's legal representation. More accurately, the claim relies on a breach of the standard of care all attorneys owe to their client. However, general principles of law and the agreement between the parties show that the Plaintiff's claim lacks merit and the Defendant is entitled to Judgment on the Pleadings.

---

where the defendant is currently incarcerated was contacted and no such arrangements had been scheduled by the Defendant to allow the video conferencing to take place. This Court also noted that other documents were received from the Defendant prior to the two week deadline on November 18, 2015, so there does not appear to be a valid reason for the Defendant's inability to timely notify the court.

A breach of contract requires, "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. 1999). With regard to attorney-client agreements, "an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected by the profession at large." *Bailey v. Tucker,* 621 A.2d 108, 115 (Pa. 1993). Thus, a breach of contract claim may properly be premised "on an attorney's failure to fulfill his or her contractual duty to provide the agreed-upon legal services in a manner consistent with the profession at large." *Gorski v. Smith,* 812 A.2d 683, 694 (Pa. Super. 2002). However, Plaintiff fails to show that Defendant failed to fulfill his duties in a manner consistent with the legal profession.

Furthermore, the Plaintiff alleges in his Complaint that the Defendant gave promises and expectations to the Plaintiff regarding the sentence he would receive. However, the only written contract that existed between the Plaintiff and the Defendant is the fee agreement. That fee agreement provides: "Attorney offers no guarantee or promise to Client as to any outcome in the above-captioned case or otherwise." In contractual claims, when parties deliberately reduce their agreements to writing, "the law declares the writing to be not only the best, but the only evidence of this agreement." *Gianni v. Russel & Co., Inc.,* 126 A. 791, 792 (Pa. 1924). Thus, because the fee agreement promises no particular outcome to the Plaintiff, and the fee agreement operates as the only evidence for this Court to consider, the Plaintiff's argument lacks merit.

Moreover, the Plaintiff also argues that the Defendant breached his contractual duty to him by coercing him to enter into a guilty plea instead of proceeding to trial as the Plaintiff allegedly directed the Defendant to do. The Plaintiff bases this argument on the fee agreement, which provides: "Attorney will perform the tasks reasonable, necessary and ordinary to prepare

for the foregoing and will render Attorney's best professional skills in representing Client's interests." This language is not a specific contract provision, but rather, is a recitation of the standard of care all attorneys owe their clients. Hence, when contract claims are based on violations of the standard of care owed by an attorney and not on a specific contract term, the courts routinely dismiss the claims. *See, e.g., Saferstein v. Paul, Mardinly, Durham, James, FLandreau & Rodger, P.C.,* 1997 WL 102521 (E.D. Pa. 1997) *aff'd sub nom., Saferstein v. Paul,* 127 F.3d 1096 (3d Cir. 1997) (dismissing the claim and finding that while it is possible to bring a legal malpractice claim under a contract theory in Pennsylvania, "the plaintiff must point to specific contractual obligations that the defendant allegedly violated" in order to prevail).

Based on the foregoing, this Court finds that the Defendant is entitled to Judgment on the Pleadings on Count I of Plaintiff's Complaint.

## II. Defendant is entitled to Judgment on the Pleadings on Plaintiff's Breach of Fiduciary Duty Claim.

In Count II of the Plaintiff's Complaint, he asserts a breach of fiduciary duty claim. Plaintiff sets forth sixteen reasons in which he believed the Defendant committed a breach of his fiduciary duty in representing the Plaintiff in his criminal proceedings. However, the essence of Count II reads as a legal malpractice claim and not a breach of fiduciary duty claim. As such, the Plaintiff's claim is barred by the doctrine of collateral estoppel.

In any legal malpractice action, the doctrine of collateral estoppel is a potential defense. *See Alberici v. Tinari,* 542 A.2d 127, 130 (Pa. Super. 1988). Specifically, "[a] client who has unsuccessfully raised the constitutional claim of ineffective assistance of counsel in the underlying criminal action is estopped from re-litigating identical issues in a subsequent

malpractice action against his defense attorney. *Id.* In order for this doctrine to apply, Pennsylvania has four requirements:

> (1) the issue decided in the prior litigation was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication and (4) the party against whom it was asserted had a full and fair opportunity to litigate the issue in question in a prior action.

*Id.* at 132. More concisely put, the issue and party must be the same, the party must have had a full opportunity to argue that issue, and the issue must have actually been decided. For the reasons explained below, this Court finds that the doctrine of collateral estoppel properly applies here.

Expanding on the doctrine of collateral estoppel, the Supreme Court of Pennsylvania explained that in order to succeed on a legal malpractice claim against a criminal defense attorney resulting from his representation, the Plaintiff must establish the following five elements:

(1) The employment of the attorney;

(2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;

(3) The attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges;

(4) As a result of the injury, the criminal defendant/plaintiff suffered damages.

(5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error...

*Bailey*, 621 A.2d at 115. When these five elements are not met, specifically when the Plaintiff fails to obtain post-conviction relief, the Plaintiff cannot succeed on a claim for legal malpractice. *See, e.g., Harrigan v. Rolle,* 2014 WL 7146970, at *10 (D. Md. Dec. 12, 2014) (explaining that in order for a Plaintiff to prevail in a claim of criminal legal malpractice, the Plaintiff must successfully obtain post-trial remedies). The Plaintiff has received no post-trial remedies here.

As explained above, the Plaintiff filed a PCRA Petition alleging ineffective assistance of counsel on June 27, 2012. This Petition was denied after a full hearing on the merits by the Trial Court on November 16, 2012. At that hearing, the Court heard all of the evidence and found that the claim had no merit. In fact, the Court noted that the Plaintiff himself had actually thanked the Defendant for his representation in a handwritten letter shortly after the sentencing took place. Nonetheless, the Plaintiff appealed to both the Superior Court and the Supreme Court, and both Courts denied relief. Thus, the Plaintiff's claim of ineffective assistance of counsel has been fully heard and decided. Applying the doctrine of collateral estoppel here, this claim is based on (1) the same issue; (2) there has been a final judgment on the merits; (3) the Plaintiff is the same; and (4) the Plaintiff had a full and fair opportunity to litigate the issue in his PCRA Petition. Likewise applying the five elements established by *Bailey*, at minimum the Plaintiff has failed to meet the fifth element and show that he has obtained relief via post-trial remedies. Therefore, the Plaintiff is collaterally estopped from bringing this action and any additional actions arising out of the same cause of action against the Defendant.

III. Defendant's Motion to Dismiss is Granted Pursuant to Pennsylvania Rule of Civil Procedure § 233.1.

The instant Opinion arises from the Plaintiff's Fourth Complaint against the Defendant. Each Complaint has been filed *pro se,* and this is the first to reach this level. This is not the first instance of a *pro se* litigant filing numerous claims against the same party. In order to protect Defendants from serial complaints filed by *pro se* Plaintiffs after the claims have been resolved, a new Rule of Civil Procedure has been enacted to prevent frivolous litigation. *See* Pa.R.C.P. § 233.1. The Rule provides:

> **§233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss.**
>
> (a) Upon the commencement of any action filed by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that:
>
> > (1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and
> >
> > (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> (b) The court may stay the action while the motion is pending.
>
> (c) Upon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court.

*Id.* This Rule was promulgated by the Supreme Court of Pennsylvania in order to address the increase in serial lawsuits of "dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate." *Gray,* 53 A.3d at 835.

Here, the Plaintiff has filed four separate civil complaints against the Defendant, all essentially alleging ineffective assistance of counsel. Applying the rule to the facts at bar, first, the Plaintiff's claim has not changed from his first PCRA filing to this Fourth Complaint. In

each, he alleges the Defendant failed to represent him adequately at his plea and sentencing hearings. Second, this matter has already been addressed by the Courts in the Plaintiff's first PCRA Petition. Because this issue has already been resolved, these continued complaints amount to frivolous litigation. Therefore, it is proper for this Court to dismiss this action and to bar the *pro se* Plaintiff from pursuing additional litigation against the Defendant arising out of the same or related claims.

## *Holding*

Therefore, because the Plaintiff has failed to establish a valid breach of contract claim or a valid breach of fiduciary claim, and because the Plaintiff has already been denied relief on his ineffective assistance of counsel claim and is collaterally estopped from asserting that same claim again, this Court GRANTS the Defendant's Motion for Judgment on the Pleadings as to Count I and Count II in the Plaintiff's Complaint. Furthermore, this Court GRANTS the Defendant's Motion for Summary Judgment pursuant to Pa.R.C.P § 233.1 and bars the *pro se* Plaintiff from asserting further claims against this Defendant arising out of the same or related occurrences. For the foregoing reasons, this Court issues the following Order: